# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                  **Case No. 11-CR-133**

**ANTHONY INTHACHACK**
    **Defendant.**

## ORDER

Defendant Anthony Inthachack moves for early termination of supervised release. For the reasons that follow, I deny his motion.

### I.

This prosecution arose out of the government's investigation of the Zapata drug trafficking organization. The organization employed various distributors, including this defendant, and confidential informants working with investigators made controlled buys of heroin from defendant. (PSR ¶¶ 13-16, 35, 43.) The investigation further revealed that defendant sold heroin to a man who overdosed and died. (PSR ¶¶ 17, 60.) Based on information gathered from co-defendants, cooperating witnesses, and the investigation, defendant was accountable for one to three kilograms of heroin. (PSR ¶ 59.)

Defendant pleaded guilty to conspiracy to distribute one kilogram or more of heroin, and on April 25, 2014, I sentenced him to 120 months in prison followed by 5 years of supervised release. (R. 802.) The prison sentence was later reduced to 75 months, with the 5-year supervision term re-imposed.

Defendant completed the prison sentence and commenced supervision on August 9,

2018. On June 17, 2020, the probation office petitioned for a revocation hearing based on the following allegations:

> On 5/19/20, Mr. Inthachack was arrested by the Milwaukee Police Department for Possession of Firearm-Convicted Felon. According to the police report, officers received information from a confidential source that Mr. Inthachack was in possession of a firearm. After further investigation, a search warrant was issued and executed at his residence located at xxxx South 5th Place in Milwaukee, Wisconsin. Upon entry into the home, officers encountered Mr. Inthachack, his girlfriend, and six minor children. When questioned, Mr. Inthachack advised the officers that a firearm was inside the residence but belonged to his wife. Officers located a Smith and Wesson, M&P 9, 9mm handgun in a dresser drawer located in Mr. Inthachack and his girlfriend's bedroom. The drawer was filled with Mr. Inthachack's girlfriend's personal items. The firearm was loaded with 16 "Federal" 9mm Luger Hollow Point bullets in the firearm's magazine. The chamber of the firearm was empty. The officers also located the following inside the couple's bedroom: a Weighmax Digital Scale with white powdery residue on it located inside the middle drawer of the dresser; two cell phones located on top of the dresser; and two other cell phones located on the couple's bed. Officers interviewed Mr. Inthachack's girlfriend, who advised that she purchased the firearm for protection approximately four years ago from Mr. Inthachack's sister, while Mr. Inthachack was in prison. On 5/20/20, Mr. Inthachack was released from custody after posting a $2,500.00 cash bail and provided a summons to appear in Milwaukee County Circuit Court on 7/6/20 to further address this incident. Additional information regarding this court case has not yet been received. This officer will update the Court with further information once it is obtained.

(R. 1070.)

I held a status hearing on the petition on August 21, 2020, at which the probation office advised that defendant had not been charged with a new offense related to this incident. Without objection, I continued defendant on supervision, with the probation office to advise if he was charged or if further violations occurred. (R. 1075.)

On March 23, 2022, defendant filed the instant motion for early termination. He indicates that he has successfully maintained employment, working in a residential nursing home taking care of elderly and disabled residents; maintained a stable residence, purchasing

2

a home outside the city so his family could live in a safer place; assumed responsibility as a father to his children; purchased a vehicle and maintained a driver's license and insurance; and followed the terms and conditions of his supervised release. (R. 1085 at 1-2.) He acknowledges the incident in which a firearm was found in his home but notes that he was not charged, his significant other possessed the gun, and they later moved to a less dangerous neighborhood so she would not feel the need to have a firearm. (Id. at 2-3.) He concludes that he no longer frequents places that could cause him to lapse back into criminality, and that his life represents the type of reform the system seeks to achieve. (Id. at 3.)

I directed the government to file a response by April 15, 2022, but it has not done so. On April 26, 2022, defendant filed a letter inquiring if the government had responded and asking to move forward with his termination request. (R. 1087.)

**II.**

The district court may, after considering the pertinent sentencing factors under 18 U.S.C. § 3553(a), terminate supervision at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3583(e)(1). Defendant has completed more than one year of supervision; the issue is thus whether termination is warranted by his conduct and consistent with the applicable § 3553(a) factors.

The district court possesses wide discretion in making this determination. United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). "Nevertheless, courts have generally required more than mere compliance with the conditions of release; if simply following the rules were enough, any defendant who avoided revocation could obtain early termination." United States v. Rivera, No. 00-CR-247, 2015 U.S. Dist. LEXIS 63328, at *4-5 (E.D. Wis. May 14, 2015).

3

Courts have tended to grant termination in cases where the defendant's behavior has been exceptionally good, where supervision hinders rather than fosters the defendant's rehabilitation, or where some new or unforeseen circumstance otherwise supports a reduction of the original supervision term. United States v. Adams, No. 06-CR-205, 2022 U.S. Dist. LEXIS 72494, at *7 (E.D. Wis. Apr. 19, 2022). The defendant bears the burden of demonstrating that early termination is warranted. Id.

**III.**

Setting aside the May 2020 incident, defendant seems to be doing well on supervision. However, the court expects those on supervision to follow the rules, abstain from illegal drug use, work, and attend to their family responsibilities. Id.; United States v. Caldwell, No. 01-CR-193, 2018 U.S. Dist. LEXIS 91750, at *2 (E.D. Wis. June 1, 2018); United States v. Smith, No. 09-CR-20, 2016 U.S. Dist. LEXIS 18467, at *3 (E.D. Wis. Feb. 15, 2016). Defendant's conduct, while commendable, is not exceptional, and he makes no claim that supervision interferes with his rehabilitation or other pro-social activities. Nor does he allege any new or unforeseen circumstance.

Continued supervision is also warranted to protect the public and deter, see 18 U.S.C. § 3553(a)(2)(B), (C), given defendant's significant prior record, which includes convictions for possession with intent to distribute cocaine in 2003, possession of marijuana in 2006, felon in possession of a firearm in 2006, disorderly conduct in 2006 and again in 2009, frequenting a drug house in 2009, failure to support a child in 2010, another felon in possession in 2010, and drunk driving in 2010. (PSR ¶¶ 83-91.) While defendant does not appear to have significant correctional treatment needs, see 18 U.S.C. § 3553(a)(2)(D), or outstanding court-ordered financial obligations, see 18 U.S.C. § 3553(a)(7), his work record prior to the original

4

sentencing was rather limited. (PSR ¶¶ 128-133.)  Continued supervision is warranted to ensure that he continues to maintain legitimate employment.  Defendant told the pre-sentence report writer that he was motivated to commit this crime for financial reasons; he was struggling financially, unable to locate employment, and his girlfriend's father offered to have him come work for him selling drugs.  (PSR ¶ 66.)

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 1085) is denied.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2022.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge